UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

ERNEST J. OSBORNE,                     )
                                       )
            Plaintiff,                 )
v.                                     )    No.: 21-cv-2307-JBM
                                       )
MACON COUNTY JAIL,                     )
MACON COUNTY SHERIFF,                  )
UNSPECIFIED OFFICERS,                  )
                                       )
            Defendants.                )

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained in Vandalia Correctional Center, asserts an action under 42 U.S.C. § 1983 arising from a cellmate's attack of Plaintiff while Plaintiff was detained in the Macon County Jail.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### FACTS

On May 27, 2021, in the Macon County Jail, Plaintiff noticed that his cellmate began to act strangely, staring menacingly at Plaintiff and then yelling and praying for evil spirits to stay

1

away from Plaintiff. Plaintiff thought to himself that the cellmate was crazy. In order to avoid a confrontation, Plaintiff rolled over in Plaintiff's bed, away from the cellmate, hoping that the cellmate would not bother Plaintiff if Plaintiff was asleep. Later, Plaintiff awoke to his cellmate punching Plaintiff about Plaintiff's head and face. Plaintiff began yelling for help and tried to reach the emergency button, all while the attack continued. Guards came and took the cellmate out of the cell and then helped Plaintiff, who was covered in blood and unable to move on his own. Guards interrogated Plaintiff as if Plaintiff was somehow responsible for the incident. One officer stated that the officer had been readying an empty cell for Plaintiff's cellmate before the incident because the officer had heard what he thought was arguing and suspected something was wrong. After Plaintiff was questioned, Plaintiff was taken to the Jail's medical unit and then to the hospital, where he was diagnosed with a broken nose and facial lacerations. Plaintiff had difficulty breathing out of his nose for five months.

## ANALYSIS

Plaintiff appears to be seeking to hold Defendants liable for the cellmate's attack on Plaintiff. That would be a federal failure-to-protect claim, which, for a pretrial detainee, requires that Defendants intentionally, purposely, or recklessly responded in an objectively unreasonable manner to the risk posed to Plaintiff. Kemp v. Fulton County, --- F.4th ---, 2022 WL 575719 * 4-5 (7th Cir. 2022)  Defendants cannot be held liable simply because the attack happened. Defendants also cannot be held liable under federal law if they were only negligent in preventing the attack. Id .

The current allegations do not suggest that a reasonable officer in the situation alleged should have been on notice before the assault on Plaintiff that Plaintiff's cellmate posed a risk of imminent physical harm to Plaintiff. Id. at *6 ("Without any evidence that [the officer] should

have been on notice of a substantial risk to [the detainee's] safety, a jury could not conclude that [the officer's] actions were objectively unreasonable.")  Plaintiff's cellmate allegedly started yelling about Plaintiff needing protection from evil spirits, but no facts suggests that a reasonable officer would have known this beforehand.  Plaintiff does not allege that he told any officers, and Plaintiff himself did not appreciate the risk at that point, thinking that he could avoid trouble by avoiding confrontation.  Once on notice that a possible risk might exist, an officer began preparing an empty cell into which Plaintiff's cellmate could be moved.  No plausible inference arises that this response was objectively unreasonable.

In sum, on the facts alleged, the Court cannot discern a viable failure to protect claim under federal law.  Additionally, Plaintiff does not appear to be asserting that he received inadequate medical care for his injuries, nor does that inference arise from his allegations.  Further, the Macon County Jail is not a suable entity, and the Sheriff cannot be held liable for the unconstitutional conduct of his or her employees solely because the Sheriff is in charge.  *See* Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012)(Knox County Jail a "non-suable entity"); Brown v. Randle, 847 F.3d 861, 865 (7th Cir. 2017)("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates.").

For the reasons explained above, Plaintiff's complaint will be dismissed for failure to state a claim, but Plaintiff will be given a chance to file an amended complaint.

**IT IS THEREFORE ORDERED:**

1)  Plaintiff's complaint is dismissed for failure to state a claim.

2)  Plaintiff may file an amended complaint by April 15, 2022.  If Plaintiff fails to file an amended complaint or the amended complaint still fails to state a federal claim, then this action will be dismissed with prejudice for failure to state a claim.

3)  Plaintiff's motions for the Court to appoint pro bono counsel are denied (3, 9), with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

<table>
<tr><td>3/17/2022<br>ENTERED</td><td>s/Joe Billy McDade<br>JOE BILLY McDADE<br>UNITED STATES DISTRICT JUDGE</td></tr>
</table>